1

2

3

4

5

6                          **UNITED STATES DISTRICT COURT**

7                                **DISTRICT OF NEVADA**

8

9    MATTHEW ARTHUR FIELDS,                    )
                                               )
10             Petitioner,                     )         3:11-cv-00341-LRH-WGC
                                               )
11   vs.                                       )
                                               )         **ORDER**
12   ROBERT LEGRAND, *et al.,*                 )
                                               )
13             Respondents.                    )
     _____ /

14

15          This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a

16   state prisoner, is proceeding *pro se* (ECF #6).  Before the court is respondents' motion to dismiss (ECF

17   #9).  Petitioner has opposed the motion (ECF #17), and respondents have replied (ECF #18).

18   **I.  Procedural History and Background**

19          In November 2006, the State of Nevada charged petitioner with one count of causing the death

20   of a person by driving a vehicle while under the influence of alcohol, one count of leaving the scene of

21   an accident involving the death of a person, and one count of conspiring to attempt to suborn perjury

22   (exhibits to motion to dismiss, ECF #9, ex. 2).[1]  Petitioner was convicted pursuant to a guilty plea and

23   sentenced to 6 to 18 years on the first count, a consecutive term of 6 to 15 years on the second count,

24   and a concurrent term of one year on the third count (ex. 17).  Petitioner did not file a direct appeal.

25          On April 23, 2008, petitioner filed a state petition for writ of habeas corpus (ex. 18).  Following

26   an evidentiary hearing (*see* ex. 28), the state district court denied the petition (ex. 30).  Petitioner

27   _____

28          [1] All exhibits referenced in this Order are exhibits to respondents' motion to dismiss (ECF #9),
     which are located at ECF #s 10, 11 and 12.

appealed the denial of his state habeas petition to the Nevada Supreme Court (ex. 33).  In his appeal, petitioner argued that his counsel rendered ineffective assistance by (1) failing to fully investigate the "305 program"–an alcohol treatment program–and improperly advising him that he would be eligible for the 305 program and that such participation would reduce his sentence; (2) improperly advising him that his sentences would run concurrently; (3) failing to advise the state district court during sentencing that the 305 program would not apply to the sentence, as imposed; (4) failing to object when the State argued that petitioner would only serve half his sentence under the 305 program; and (5) failing to file a direct appeal (ex. 38).  On March 17, 2011, the Nevada Supreme Court affirmed the denial of the state habeas petition (ex. 42).

On May 10, 2011, petitioner initiated this federal petition for writ of habeas corpus (ECF  #6).  In his federal petition, petitioner raises the following grounds for relief:

(1) Counsel rendered ineffective assistance under the Sixth and Fourteenth Amendments in failing to adequately defend the case by litigating the charges of leaving the scene of an accident involving the death of a person and conspiring to attempt to suborn perjury.

(2) Counsel rendered ineffective assistance under the Sixth and Fourteenth Amendments by failing to investigate petitioner's eligibility for the 305 program and improperly advising him that his sentence would be reduced by participation in the program, failing to obtain records of petitioner's 2000 conviction prior to sentencing, and failing to cross-examine witness Rowe at sentencing.

(3) Counsel rendered ineffective assistance under the Sixth and Fourteenth Amendments by improperly advising petitioner that his prison terms would run concurrently, that he would qualify for the 305 program and that such participation would reduce his sentence.

(4) Counsel rendered ineffective assistance under the Sixth and Fourteenth Amendments by failing to present mitigating evidence at sentencing, including family members' testimony, improperly advising the sentencing court that petitioner was eligible for the 305 program, failing to make corrections to the presentence investigation report, and failing to adequately cross-examine witness Rowe at sentencing regarding petitioner's 2000 conviction.

(5) Counsel rendered ineffective assistance under the Sixth and Fourteenth Amendment by failing to perfect a direct appeal raising several issues.

1    (6) The *Lozada* remedy is inadequate as a matter of law.

2    This court denied petitioner's motion for appointment of counsel on June 21, 2011 (ECF #7).

3    Respondents argue that the petition should be dismissed because it contains several unexhausted claims

4    (ECF #9).

5    **II. Discussion**

6       **A. Exhaustion Standard**

7    A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has

8    exhausted his available state remedies for all claims raised.  *Rose v. Lundy*, 455 U.S. 509 (1982); 28

9    U.S.C. § 2254(b).  A petitioner must give the state courts a fair opportunity to act on each of his claims

10   before he presents those claims in a federal habeas petition.  *O'Sullivan v. Boerckel,* 526 U.S. 838, 844

11   (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995).  A claim remains unexhausted until the

12   petitioner has given the highest available state court the opportunity to consider the claim through direct

13   appeal or state collateral review proceedings.  *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004);

14   *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

15   A habeas petitioner must "present the state courts with the same claim he urges upon the federal

16   court." *Picard v. Connor*, 404 U.S. 270, 276 (1971).  The federal constitutional implications of a claim,

17   not just issues of state law, must have been raised in the state court to achieve exhaustion.  *Ybarra v.*

18   *Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)).   To achieve

19   exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the

20   United States Constitution" and given the opportunity to correct alleged violations of the prisoner's

21   federal rights.  *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106

22   (9th Cir. 1999).  It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to

23   potential litigants: before you bring any claims to federal court, be sure that you first have taken each

24   one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy,* 455 U.S.

25   509, 520 (1982)).  "[G]eneral appeals to broad constitutional principles, such as due process, equal

26   protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala v. Wood*, 195

27   F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).  However, citation to state caselaw that applies

28   federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003)

1    (en banc).

2           A claim is not exhausted unless the petitioner has presented to the state court the same operative

3    facts and legal theory upon which his federal habeas claim is based.  *Bland v. California Dept. Of*

4    *Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994).  The exhaustion requirement is not met when the

5    petitioner presents to the federal court facts or evidence that place the claim in a significantly different

6    posture than it was in the state courts, or where different facts are presented at the federal level to

7    support the same theory.  *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v.*

8    *Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984).

9           **B. Petition in the Instant Case**

10                 1.  Grounds 2 and 4: petitioner's claim that counsel was ineffective by failing to cross-

11   examine witness Rowe at sentencing

12          In grounds 2 and 4 of the federal petition, petitioner alleges counsel rendered ineffective

13   assistance under the Sixth and Fourteenth Amendments by failing to cross-examine witness Rowe at

14   sentencing (ECF #6 at 7,13).  Respondents correctly argue that petitioner fails to raise this issue in his

15   fast track statement filed on appeal of the denial of his state habeas petition (*see* ex. 38).  Accordingly,

16   petitioner's claims in grounds 2 and 4 that his counsel was ineffective because he failed to cross-examine

17   witness Rowe at sentencing are unexhausted.

18                 2.  Ground 2: petitioner's claim that counsel was ineffective by failing to obtain records

19   from his 2000 misdemeanor conviction

20          In ground 2, petitioner alleges that counsel rendered ineffective assistance under the Sixth and

21   Fourteenth Amendments by failing to obtain records of petitioner's 2000 conviction prior to sentencing

22   (ECF #6 at 7).  Respondents point out that petitioner never raised this claim in the fast track statement

23   filed on appeal of the denial of his state habeas petition (*see* ex. 38).  In his opposition to the motion to

24   dismiss, petitioner argues that he did in fact exhaust this claim and references the evidentiary hearing

25   before the state district court (ECF #17 at 9-10).  However, this argument is of no moment because

26   petitioner did not raise this claim on appeal to the Nevada Supreme Court.  Accordingly, petitioner's

27   claim in ground 2 that his counsel was ineffective by failing to obtain records from his 2000

28   misdemeanor conviction is unexhausted.

3.   Ground 4: petitioner's claim that counsel was ineffective by failing to present mitigating evidence at sentencing

In ground 4, petitioner alleges that counsel rendered ineffective assistance under the Sixth and Fourteenth Amendments by failing to present mitigating evidence at sentencing, including family members' testimony (ECF #6 at 13).  Respondents argue that this claim is unexhausted (ECF #9 at 5).

In his opposition to the motion to dismiss, petitioner argues that he did in fact exhaust this claim and again references the evidentiary hearing before the state district court (ECF #17 at 10-11).  Petitioner also points out that the fast track statement filed on appeal to the state court references that several family members were available to testify at the sentencing hearing but that his counsel made the decision not to call those witnesses (ex. 38 at 5-6).  However, that reference appears in the statement of facts section of the fast track statement only; it is not a claim that is raised and discussed in the issues on appeal section of the fast track statement (*see generally* ex. 38).  The mere mention of factual allegations in the statement of facts section of the appellate brief without setting it forth as an issue on appeal did not give the Nevada Supreme Court a fair opportunity to act on the claim before it was presented in the federal habeas petition. *O'Sullivan,* 526 U.S. at 844.  Accordingly, petitioner's claim set forth in ground 4 that counsel was ineffective by failing to present mitigating evidence at sentencing, including family members' testimony, is unexhausted.

4.   Ground 4: petitioner's claim that counsel was ineffective by failing to correct the presentence investigation report

In ground 4, petitioner alleges that counsel rendered ineffective assistance by failing to make corrections to the presentence investigation report (ECF #6 at 13).  Respondents argue that this claim is unexhausted (ECF #9 at 6).

In his opposition to the motion to dismiss, petitioner argues that this claim is in fact exhausted; however, he fails to point to anywhere in his appellate brief to the Nevada Supreme Court to support this argument (see ECF #17 at 11-12).  Again, there is a reference to the presentence report in the statement of facts of the fast track statement, but the claim that petitioner's counsel rendered ineffective assistance by failing to correct the presentence report was not fairly presented as an issue on appeal to the Nevada Supreme Court.  Accordingly, petitioner's claim set forth in ground 4 that counsel was ineffective in

failing to correct the presentence report is unexhausted.

### 5.  Ground 6

In ground 6, petitioner alleges that the *Lozada* remedy is inadequate as a matter of law (ECF #6 at 18).[2]  While petitioner asserts that this claim is exhausted (ECF #17 at 13), he did not raise it in his appeal of the denial of his state habeas petition (*see* ex. 38).  Accordingly, respondents are correct that ground 6 is unexhausted.

## III.  Petitioner's Options Regarding Unexhausted Claims

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition.  *Rose v. Lundy*, 455 U.S. 509, 510 (1982).  A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal.  *Id.*  In the instant case, the court finds that the following grounds are unexhausted: petitioner's claims in grounds 2 and 4 that his counsel was ineffective because he failed to cross-examine witness Rowe at sentencing;  petitioner's claim in ground 2 that his counsel was ineffective because he failed to obtain records from his 2000 misdemeanor conviction;  petitioner's claim in ground 4 that counsel was ineffective because he failed to present mitigating evidence at sentencing, including family members' testimony; petitioner's claim in ground 4 that counsel was ineffective because he failed to correct the presentence report; and ground 6.  Because the court finds that the petition is a "mixed petition," containing both exhausted and unexhausted claims, petitioner has these options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;

2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or

3. He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits.  *Rhines v. Weber*, 544 U.S. 269, 276, (2005).

---

[2]  This ground references *Lozada v. State*, 871 P.2d 944 (Nev. 1994), which holds that if a petitioner is denied a direct appeal due to ineffective assistance of counsel, that he or she may file a habeas petition that sets forth the claims he or she would have argued on direct appeal, and that he or she is entitled to appointed counsel to litigate such habeas petition.

The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

Rhines, 544 U.S. at 277.

Accordingly, petitioner would be required to show good cause for his failure to exhaust his unexhausted claims in state court, and to present argument as to whether or not his unexhausted claims are plainly meritless. Respondent would then be granted an opportunity to respond, and petitioner to reply.

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this court, will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

**IV. Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion for leave to file Exhibit 14 under seal (ECF #12) is **GRANTED**.

**IT IS FURTHER ORDERED** that respondents' motion to dismiss the petition (ECF #9) is **GRANTED in part, and DENIED in part**, as follows:

The following grounds set forth in the petition are unexhausted:

1. Claims in grounds 2 and 4 that counsel was ineffective because he failed to cross-examine witness Rowe at sentencing;

2. Claim in ground 2 that counsel was ineffective because he failed to obtain records from his 2000 misdemeanor conviction;

3. Claim in ground 4 that counsel was ineffective because he failed to present mitigating evidence at sentencing, including family members' testimony;

4.  Claim in ground 4 that counsel was ineffective because he failed to correct the presentence report;

5.  Ground 6.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** to either: **(1)** inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted ground; **OR (2)** inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; **OR (3)** file a motion for a stay and abeyance, asking this court to hold his exhausted claim in abeyance while he returns to state court to exhaust his unexhausted claims.  If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted grounds, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief.  The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition, and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

Dated this 16th day of November, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE