# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MATTHEW ARTHUR FIELDS,

    Petitioner,

vs.

ROBERT LEGRAND, *et al.,*

    Respondents.

3:11-cv-00341-LRH-WGC

**ORDER**

    This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, by Matthew Arthur Fields, a Nevada prisoner. On November 16, 2011, the court granted respondents' motion to dismiss in part, concluding that several grounds are unexhausted (ECF #19). On November 30, 2011, petitioner filed a motion to stay and abey proceedings under *Rhines v. Weber* (ECF #20), in which he agrees that several of his claims are unexhausted. Respondents filed an opposition (ECF #21), and petitioner replied (ECF #22).

    In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims. The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277. The Court went on to state that, "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

The Ninth Circuit has held that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*. *Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). The court has declined to prescribe the strictest possible standard for issuance of a stay. "[I]t would appear that good cause under *Rhines*, at least in this Circuit, should not be so strict a standard as to require a showing of some extreme and unusual event beyond the control of the defendant." *Riner v. Crawford*, 415 F. Supp.2d 1207, 1210 (D. Nev. 2006). Thus, a petitioner's confusion over whether or not his petition would be timely filed constitutes good cause for the petitioner to file his unexhausted petition in federal court. *See Riner v. Crawford*, 412 F. Supp.2d at 1210 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005)).

In the instant case, this court finds that petitioner has demonstrated good cause under *Rhines* for the failure to exhaust several grounds. Further, those grounds are not "plainly meritless" under the second prong of the *Rhines* test. Finally, there is no indication that petitioner engaged in dilatory litigation tactics. This court concludes that petitioner has satisfied the criteria for a stay under *Rhines*

**IT IS THEREFORE ORDERED** that petitioner's motion to stay and abey proceedings (ECF #20) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **STAYED** pending exhaustion of the unexhausted claims. Petitioner may move to reopen the matter following exhaustion of the claims.

**IT IS FURTHER ORDERED** that the grant of a stay is conditioned upon petitioner filing a state post-conviction petition or other appropriate proceeding in state court within **forty-five (45) days** from the entry of this order and returning to federal court with a motion to reopen within **forty-five (45) days** of issuance of the remittitur by the Supreme Court of Nevada at the conclusion of the state court proceedings.

///

///

**IT IS FURTHER ORDERED** that the Clerk shall **ADMINISTRATIVELY CLOSE this action**, until such time as the court grants a motion to reopen the matter.

DATED this 6th day of February, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE