# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MATTHEW ARTHUR FIELDS,

    Petitioner,

vs.

ROBERT LEGRAND, et al.,

    Respondents.

Case No. 3:11-cv-00341-RCJ-WGC

**ORDER**

Before the court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#6), respondents' second motion to dismiss (#29), petitioner's opposition (#37), and respondents' reply (#39). The court finds that some grounds for relief are procedurally defaulted, and the court grants respondents' motion.

Earlier, the court had found that petitioner had not exhausted his available state-court remedies for the following claims:

1.    Claims in grounds 2 and 4 that counsel was ineffective because he failed to cross-examine witness Rowe at sentencing;

2.    Claim in ground 2 that counsel was ineffective because he failed to obtain records from his 2000 misdemeanor conviction;

3.    Claim in ground 4 that counsel was ineffective because he failed to present mitigating evidence at sentencing, including family members' testimony;

4.    Claim in ground 4 that counsel was ineffective because he failed to correct the pre-sentence report;

5.    Ground 6.

Order (#19), at 7-8.  Petitioner moved to stay the action while he returned to state court, and the court granted the motion.  Order (#23).  Petitioner filed his second state habeas corpus petition in the state district court on April 11, 2012.  Ex. 51 (#31).  The state district court dismissed the petition because it was successive.  Ex. 53 (#31).  Petitioner appealed.  The Nevada Supreme Court affirmed, holding that the petition was untimely pursuant to Nev. Rev. Stat. § 34.726(1) and successive pursuant to Nev. Rev. Stat. § 34.810.  Ex. 70 (#32).  Upon petitioner's request, the court reopened this action.  Amended Order (#28).  Respondents second motion to dismiss (#29) followed.

A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state-law ground that is independent of the federal question and adequate to support the judgment.  Coleman v. Thompson, 501 U.S. 722, 730-31 (1991).

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Id. at 750; see also Murray v. Carrier, 477 U.S. 478, 485 (1986).  The grounds for dismissal upon which the Nevada Supreme Court relied in this case are adequate and independent state rules.  Vang v. Nevada, 329 F.3d 1069, 1074 (9th Cir. 2003) (Nev. Rev. Stat. § 34.810); Loveland v. Hatcher, 231 F.3d 640 (9th Cir. 2000) (Nev. Rev. Stat. § 34.726); Moran v. McDaniel, 80 F.3d 1261 (9th Cir. 1996) (same).

Petitioner argues unpersuasively that his return to state court was futile and that the court should consider the procedurally defaulted claims on their merits.  The court disagrees.  Although petitioner faced the time bar and the successive-petition bar when he returned to state court, both § 34.726 and § 34.810 allow those bars to be excused upon a showing of cause and prejudice.  It is difficult to make that showing, but failure is not automatic, and this court does not speculate how state courts would rule on the question.  More importantly, as respondents note correctly, the cause-and-prejudice standard in state court is identical to the cause-and-prejudice standard that this court uses to excuse procedural default.  If petitioner were to concede that he could not show cause and prejudice in state court, then he necessarily would concede that the grounds are procedurally

defaulted in federal court and that he could not show cause and prejudice to excuse those defaults. In effect, petitioner would need to dismiss the unexhausted claims from his petition, or the court would dismiss the entire petition because it contained both exhausted and unexhausted claims. Instead, petitioner asked to return to state court.  The attempt did not succeed, but the court cannot hold that the attempt was futile.  In the end, petitioner is no worse off than if he had dismissed the unexhausted grounds.

IT IS THEREFORE ORDERED that respondents' second motion to dismiss (#29) is **GRANTED**.  The following claims are **DISMISSED** with prejudice because they are procedurally defaulted:

1. Claims in grounds 2 and 4 that counsel was ineffective because he failed to cross-examine witness Rowe at sentencing;

2. Claim in ground 2 that counsel was ineffective because he failed to obtain records from his 2000 misdemeanor conviction;

3. Claim in ground 4 that counsel was ineffective because he failed to present mitigating evidence at sentencing, including family members' testimony;

4. Claim in ground 4 that counsel was ineffective because he failed to correct the pre-sentence report;

5. Ground 6.

IT IS FURTHER ORDERED that respondents shall have forty-five (45) days from the date of entry of this order to file and serve an answer to the remaining claims, which shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.  Petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply.

Dated:   March 24, 2015.

_____
ROBERT C. JONES
United States District Judge

-3-